IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN THE MATTER OF | |
|---|---|
| CARLOS R NEGRON PADILLA | CASE NO: 10-02033 (BKT) |
| Debtor | |
| First Bank Puerto Rico Movant | CHAPTER 13 (X) An action against the estate under 11 USC §1325(a) (3) on Good Faith and 11 USC 548 on Fraudulent Transfer, and §1325(a) (5)(A) and (C) on Acceptance of the plan, and surrender of property. |

## MOTION OBJECTING PLAN CONFIRMATION

TO THE HONORABLE COURT:

Comes now First Bank Puerto Rico, a wholly subsidiary of FIRSTBANK Puerto Rico, through its undersigned counsel and respectfully alleges and preys:

**A. JURISDICTION.**

1- That this Honorable Court has jurisdiction to enter into the instant contested matter pursuant to Title 28 USC § 1334, 28 USC §1408, and 11 USC §1325(a) (5)(C), 11 USC §1325(a)(5)(A) and Rule 4001.

2- Debtor(s) filed a petition under the Bankruptcy Code on March 16, 2010, for a Chapter 13. The Confirmation Hearing was rescheduled for August 26, 2010. And, it does not provide for the rejection of the automobile due to the fact that the debtor who has no title over the property and without legal authorization transferred the collateral to a lease agreement contract against a 2004 Chevrolet truck: - in the outstanding amount of $1,499.56. *See bankruptcy docket entry no 21.*

3- The objection presented to the attention of the Honorable Court were submitted to the attention of the debtor since the 341 meeting of creditor's, held on may 5, 2010. And, were no

action has been taken, nor complete information has been submitted to Movant pertaining to the third party (TP) in possession, movant objects the plan as proposed.

4- Movant standing is ascertain as it filed an unsecured lien Proof of Claim on a lease agreement duly registered at the Department of Transportation of Puerto Rico, in the amount of $1,499.56 with evidence in its registry duly perfected, under account no. 1921. *Please see CM/ECF Bankruptcy Claims Register under docket entry no 1-1*

B. APPLICABLE LAW.

5- To qualify for confirmation under Chapter 13, Debtor has to satisfy the requirements set forth in 11 USC §1325(a) (3) of the Code. Therefore, a Plan's must be filed in good faith.

6- In evaluating whether a plan has been proposed in good faith under 11 USC §1325[a][3], the bankruptcy court should look to the totally of the circumstances, including: [1] the amount of the debtor's income from all sources, [2] the living expenses of the debtor and dependents, [3] amount of attorney's fees, [4] the probable expected duration of the debtor's plan, [4] the probable or expected duration of the debtor's plan, [5] the debtor's motivations and sincerity seeking chapter 13, [6] the debtor's degree of effort, [7] the debtor's ability to earn and the likelihood of fluctuation in earnings, [8] the special circumstances such as inordinate medical expenses, [9] the frequency with which the debtor has sought bankruptcy relief, [10] the circumstances under which the debtor has contracted debts and demonstrate bona fide, or lack of the same, in dealings with creditors, and [11] the burden which the plan's administration would place on the trustee. *In re Young, 237 F.3d 2268 [10th Cir. 2001], Matter of Love, 957 F2nd. 1350 [7th Cir. 1992]*

7- The assumption, assignment, or rejection of an unexpired lease or Executory contract, must be done consistent with 11 USC §§1322(b) (7) and §365. It has been held that the filing of a Chapter 13 petition by itself is not sufficient to accomplished the assumption, assignment, or rejection of an Executory contract, because the petition, per se, does not satisfies §365 requirement of obtaining Court's approval for the assumption or rejection of an Executory contract.

8- The rejection of an Executory contract or unexpired lease constitutes a default, and liquidated damages provisions under the contract will be enforceable in bankruptcy. Damages upon rejection of a car lease include the repairs attributable to the debtor under the lease agreement. See Lundin, Keith; Chapter 13: Second Ed., Chapter 4 on Designing and Calculating Plans. Subsection 4.91

9- Under Title 11 USC §365(b)(1) if there has been a default in an Executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the Trustee- (A) <u>cures, or provides adequate assurance that the trustee will promptly cure, such default</u>; (B) <u>compensates, or provides adequate assurance that the trustee will promptly compensate a party other than the debtor to such contract, or lease, for any actual pecuniary loss to such party of future performance under such contract or lease</u>.

10- As well, under 11 USC §1325(a) (3) the plan has to be proposed in "Good Faith". A debtor(s) pre-petition conduct or misconduct should be considered as bearing on the debtor's good faith to determine if "plan has been proposed in good faith." Thus, the motivation in filing a case, including pre-petition conduct and management of claims that are or might be nondischarchable has been ruled by a substantial number of courts as bases to conclude good faith. *Lunding; Keith M.: Chapter 13 – Bankruptcy, Second Edition, and Volume 2. Chapter 5, §5.21 on Confirmation: Motivation in Filing a Case, Including Pre-Petition Conduct and Management of Claims that are or might be Nondischarchable.* "A Bankruptcy Court must consider ... the circumstances under which the debtor has contracted his debt." *Kitchens vs. Georgia R.R. Bank & Trust Co., 702 F2d. 885 (6th Cir. 1982)*, "Debtor's pre-petition lifestyle demonstrates a pattern of living beyond ordinary means and resorting to bankruptcy to eliminate debt rather than repaying debt." *In Re Hericksen, 131 B.R. 467 (Bankr. N.D. Okla.1991)*; "When the totally of circumstances indicates that the plan meets good-faith requirement, but debtor incurred a substantial pre-petition debt in bad faith, plan can be confirmed only if the debtor proposes to pay the bad-faith claim in full." *In Re Báez, 106 B.R. 16 (Bank. D. P.R. 1989)*, "Applying *Okoreeh-Baah*, on court's own motion confirmation of 30% plan is denied <<where the incurring of the debt was not for an acceptable purpose, but rather was for the maintaining of an artificial standard of living, given the circumstances of the debtor>>." *In Re Carr, 95 B.R. 71 (Bank. S. D. Ohio 1989)*; *"Bad faith is indicated where debtor filed Chapter 13 immediately after borrowing $2,200.00" In Re Myers, 52 B.R. 248, 13 Bankr. Ct. Dec. (CRR) 626 (Bankr. M D. Fla 1985).*

11- Debtor(s) CARLOS ROBERTO NEGRON PADILLA, of his own free, conscious, and intelligent will signed a LEASE AGREEMENT CONTRACT with the creditor on April 30, 2004. And, thereafter, transfer the property and filed the bankruptcy case; where he does not own the title, and without creditors consent, to a third party. *(Puig Brutau, Fundamentos del Derecho Civil, Ed. Bosch, Barcelona, Book II, Volume I, 1978)* That said contract expressly prohibits the transfer, sale, etc. of the collateral account. That under the laws of Puerto Rico Debtor could have

surrendered the collateral directly to the Secured Creditor, instead of transferring or sallying the account to a Third Party, in violation of the laws of Puerto Rico, and in default of the written contact. That under the laws of Puerto Rico Debtor could have surrendered the collateral directly to the Secured Creditor, instead of transferring or sallying the account to a Third Party, in violation of the laws of Puerto Rico, and in default of the written contact. *(Title 33 Laws of Puerto Rico, Annotated –, as amended on 2004).*

12- Thus, Title 33 LPR article 201 provides that:

*It will incurred felony in the fourth degree any person who fraudulently: (a) indices another to an act or omission that affects the rights or interests over personal property or real property of said person, the State, or a third party, in their perjury. (b) incurs in an act or omission that affects the rights or interests over personal property or real property of said person, the State, or a third party. (Law No. 149, of June 4, 2004, as amended, and Title 33 LPR Article 201)*

13- As well, Title 33 LPR Article 66 provides:

*A felony in the forth grade will entail the imposition of reclusion for a fix term of natural years of not less than six (6) months and one (1) day, and not higher than three (3) years. The person may be granted conditional liberty by the Parroll Board after the compliance of half of the term.*

14- Fraudulent transfers can essentially be defined as an act which has the effect of improperly placing assets beyond the reach of creditors. *See Collier on Bankruptcy: 15th Edition – Volume 5: Bankruptcy Code §§541 - 560, at Chapter 548 on Fraudulent Transfers & Obligations: Footnote 1. (Lawrence P. King, Ed. In Chief 1999, current through release no. 70, June, 1999) Page 548-5*

15- Title 11 USC §548 grant the US Trustee one of the most powerful tools available. It provides after the fact protection to debtor's creditors, by undoing a transaction engaged in by the debtor, in which a transfer of the debtor's property was made, or an obligation was incurred by the debtor, which either (i) had at its purpose an intent to hinder, delay, or defraud the debtor's creditors, or (ii) was made while the debtor was in a precarious financial condition, and the transaction did not provide the debtor with a reasonable equivalent value in exchange for the item transferred or the obligation incurred. *Id. Page 548-6 See In the Matter of Treadwell, 669 F2d 1050 (11th Cir. 1983)* where the transfer of all of debtor's assets to wife's sister avoided as fictitious arrangement entered into by the debtor's family to defeat creditors while keeping property safety in

the family. *See In Re Stevenson, 69 BR 49 (Banker. E.D. Mo. 1986)* where a transfer is between related parties, the transfer is subject to close scrutiny and gives rise to a presumption of actual fraudulent intent where the transfer is subject to close scrutiny and gives rise to a presumption of actual fraudulent intent where the transfer is [also] without adequate consideration. See as well, *In Re Carroll, 128 F Supp. 428 (W.D. Ark. 1955)* where a divorced wife of debtor's son experienced sudden, unexplained increase in wealth at a time when the debtor was known to have had in his possession large sums in cash and negotiable paper.

16- Movant have not knowledge of *a written authorization of the credit account, or of the written authorization for the inscription of the collateral on behalf of a Third Party; neither the Third Party have been qualified for a new loan.*

17- This case is distinguishable from In re *Alexander, 225 BR 665 (Bankr. E.D.Ark.1998)*, in as much Movant: (1) was never informed by debtor of his/her intentions to sale the automobile to a third party (TP), (2) the debtor conditionally owned the automobile in as much he/she fully paid the collateral, while the creditor remained in the possession of the title as the debt remained outstanding, (3) debtor did not gave the creditor the opportunity to determine the creditworthiness of the Third Party (TP) in possession of the automobile, (4) creditor was not given by debtor the opportunity to known the home site, not job site where the TP could be located, (5) Movant is not that the debtor physically renders the unit at its offices ; but at least, a physical address where to locate the unit.

18- On 1984 the Supreme Court of Puerto Rico arrived to an important conclusion. In *Teacher's Annuity vs. Marital Community 115 DPR 277 (1984)*, the Supreme Court held that: [a] Novation by substitution of the debtor can only take place with the creditor's consent. Such consent must be patent and manifest, [b] the legal effect of a Novation by substitution of the debtor is radical, it extinguishes the debt realizing the original debtor from all obligations toward the creditor and creates a new obligation with the substitute debtor. Moreover, extinguishment of the debt entails extinguishment of the guaranties and other accessory rights, pursuant to the provisions of art, [c] in order to produced Novation by substitution of the debtor, the creditor's consent must be certain and positive and must be given with the deliberate purpose of releasing the original debtor from his obligations and allocating them fully upon the new debtor, [d] Furthermore, the Court held that, where applicable, the mere acceptance by the creditor of payments made by an alleged new debtor is not the certain and positive manner by which to infer the creditor's deliberate purpose of accepting the new debtor and thus, producing the novation by substitution of the debtor.

## C. ALLEGATIONS.

20- Thus, whenever the Debtor(s) disregards the surrender of the collateral unlawfully transferred, nor provides for the complete name & physical address of the third party in possession, along with the lift of stay; to comply with §1325(a)(3)(C), then debtor fails to proposed a "good faith" confirmable plan.

21- When the pre-petition misconduct was sufficiently egregious to result in criminal prosecution of the debtor, the Bankruptcy Courts "have been particularly reluctant to find good faith" in a debtor's proposal to pay less than 100 percent of any resulting claims. *See In Re Rose, 101 BR 934 (Banker. S. D. Ohio 1989), In Re Hazel, 68 BR 287 (Bank. ED Mich. 1986).*

22- Debtor contracted with Movant on April 30, 2004; thereafter, on CARLOS ROBERTO NEGRON PADILLA, filed for bankruptcy; transferred the collateral securing the duly perfected and registered claim, and those not provide under for the adequate protection of Movant's secured lien claim through the life of plan, neither for the complete information of the TP and the rejection of the lease agreement.

## D. PLEA.

24- For the reasons establish here-in-before Movant does not accept the plan. And request the bankruptcy Court to deny confirmation and to enter and registered an order granting this motion. As Debtor's circumstances has not change, and his lack of provision for Movant's secured lien claim through out the life of the proposed plan, and his lack of affirmative action to provide the complete and physical address of the third party in possession, evidenced his absence of "good faith".

WHEREFORE, FIRSTBANK Puerto Rico respectfully requests from this Honorable Court to order Debtor to grant this motion.

### RESPONSE TIME NOTICE

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**Rule 9013-1 (h)**

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and correct copy of the present motion was sent to the authorized address by the Bankruptcy CM/ECF System to Atty. Alejandro Oliveras Rivera, Chapter 13 Trustee; to the Attorney for Debtors by certified mail at the address on record, CARLOS JUAN CALDERON LEITHGOW, to Creditors disclosed under the List of Creditors; and by regular mail to the Debtor(s) at the address on record, ROBERTO NEGRON PADILLA, at HC 01 BOX 3297, COROZAL, PR 00783.

In San Juan, Puerto Rico, the 12TH of July, 2010.

BY: /s// María M. Benabe Rivera
MARIA M. BENABE-RIVERA
Attorney for Movant US-DC 208906
Mariestella Sánchez Rodríguez US-DC 224714
PO Box 9146, Santurce, P.R. 00908-0146
Tel(787)729-8135/Fax (787)729-8074
maria.benabe@firstbankpr.com